■   In the Matter of the Probate of the Will of CLARA A. HARMON, Deceased. BANK OF GOUVERNEUR, Appellant; LEONA M. WALCZAK et al., Respondents.— Appeals (1) from an order of the Surrogate's Court of St. Lawrence County, entered September 30, 1970, which denied petitioner's motion for an order suppressing the deposition of witness Pearl M. Orvis, and (2) from an order of the Surrogate's Court of St. Lawrence County, entered October 20, 1970 which denied petitioner's motion for an order resettling the Surrogate's Court order, entered September 30, 1970. Theodore S. Harmon and Leona Walczak filed objections to the probate of the last will and testament of Clara A. Harmon. Incident thereto, the objectants demanded an examination before trial of Pearl M. Orvis and Thelma Knowlton, the witnesses to the execution of said will. On December 19, 1968 Pearl M. Orvis was examined by the attorney for the objectants. At the close of the examination on that day, he reserved the right to further examination after he examined certain records. On January 21, 1969, it was stipulated and agreed that there would be no further examination of said witness until the April, 1969 term of the court. On February 16, 1969, Pearl M. Orvis died before further examination or cross-examination was completed. The question presented is whether that part of an examination before trial of a witness to the execution of a will which was undertaken by the objectant and interrupted by the death of the witness before an opportunity to cross-examine was available to the proponent is admissible in a proceeding for the probate of the will over the objection of the proponent. It has been held that testimony of a deceased witness should be admitted when it was given under oath, referred to the same subject matter, and was heard in a tribunal when the other side was represented and the opportunity to cross-examine was available. (*Fleury* v. *Edwards,* 14 N Y 2d 334; CPLR 3113, subd. [c]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3113.11.) The Surrogate held that appellant failed to exercise its right to cross-examine and thereby waived its right stating in the order denying the motion to suppress "that the reservation by the attorney for contestants on December 19, 1968 * * * did not preclude the petitioner, or any other interested parties represented, from conduct-

ing cross examination of said witness at that time". We do not agree with this conclusion. Orderly practice and procedure required that appellant's counsel await the completion of the direct examination before commencing his cross-examination. The record indicates that the direct examination was not complete, and, in fact, it was stipulated and agreed that no further examination of the witness would be held until the April, 1969 term of court. Since the objectants reserved their right to further examination of the witness, so also did the proponent reserve its right to cross-examine, which right it has been deprived of contrary to the provisions of CPLR 3113 (subd. [c]). (*Stern* v. *Inwood Town House*, 22 A D 2d 650; *Guber* v. *State of New York*, 31 A D 2d 555.) Since the order must be reversed and the motion granted, the appeal from the order denying resettlement should be dismissed as academic. Order entered September 30, 1970 reversed, on the law and the facts, with costs; motion to suppress the deposition of Pearl M. Orvis granted. Appeal from order entered October 20, 1970 dismissed, without costs, as academic. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.