ARTIE SHAW et al., Respondents, v PARAMOUNT PICTURES CORPORATION, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered January 30, 1976, granting plaintiff's motion for reargument and, on reargument, clarifying its prior order entered December 18, 1975, to the extent of holding that appellant Paramount has waived examination of the other parties and a witness and that their testimony shall be admissible at trial with respect to all parties, unanimously modified, on the law and in the exercise of discretion, to the extent of deleting the finding of waiver and granting plaintiffs' motion for supplemental limited examinations (notices thereof to be served within 20 days after service of a copy of

the order to be entered hereon) and otherwise affirmed, without costs or disbursements. The appeal from the order of said court entered on December 18, 1975, is unanimously dismissed, as academic, without costs or disbursements. Plaintiffs brought an action against defendants other than Paramount claiming they interfered with certain contractual rights granted them by Frances Scott Fitzgerald Smith. After deposing defendants Merrick, Shepherd and Smith, as a witness, plaintiffs concluded that defendant Paramount was also involved in inducing the claimed breach and brought a separate action against said defendant. Over Paramount's opposition, the actions were consolidated. After pursuing certain discovery with respect to Paramount, plaintiffs, fearful that their prior depositions could not be used against Paramount, moved, *inter alia,* for an order directing supplemental examinations of Merrick, Shepherd and Smith "limited to allowing [said defendant] the opportunity to cross-examine, and allowing such redirect examination as may flow therefrom." In opposing the motion Paramount disclaimed any desire to examine said persons. Special Term denied the motion as moot in view of Paramount's stated position. On reargument, it clarified said earlier order by holding that Paramount's disavowal constituted a waiver of the examination of said witnesses, thereby permitting their depositions to be admitted at trial with respect to all parties. Since Paramount was not present or represented at the prior depositions and had no notice thereof, a serious question is presented as to their admissibility against it. (See CPLR 3117, subd [a], pars 2, 3; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3117.04 *et seq.)* However, plaintiffs, by seeking consolidation, did not waive their right to take depositions in the Paramount action. Having such right, they may proceed by way of supplemental limited examinations rather than by complete examinations *de novo.* We find no merit in Paramount's contention that it has been prejudiced by delayed cross-examination. Since the record contains no clear inference that Paramount, by pressing its belief that it was not bound by the prior depositions, intended to waive its right to cross-examine the parties and the witness deposed, we believe it should be afforded another opportunity to make a definitive election. Lastly, all we decide today is that the supplemental examinations granted plaintiffs meet the notice requirements of CPLR 3117; and we do not pass judgment at this premature point as to the parties against whom any such depositions may be admitted or the necessary foundation for admissibility which may have to first be established. Moreover, Paramount would also be entitled to the benefit of stipulations previously entered into by the other parties reserving their rights to object to questions propounded (other than as to form) at said depositions and to move to strike any testimony given. Settle order on notice. Concur—Markewich, J. P., Murphy, Lupiano, Capozzoli and Nunez, JJ.