■ MAUREEN E. OWENS, as Executrix of WILLIAM H. OWENS, Deceased, Appellant-Respondent, v E. MARVIN SOKOL et al., Respondents-Appellants.— In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, the parties cross-appeal from an order of the Supreme Court, Suffolk County, dated April 17, 1978 which denied the defendants' motions to suppress the deposition of the decedent without prejudice to renew the motions at trial. Order reversed, on the law, without costs or disbursements, and motions to suppress granted. In an effort to perpetuate the testimony of the decedent a deposition was ordered. At the time of the deposition it was obvious that the decedent was in the last throes of cancer. After direct examination had been completed, and after one of the three participating codefendants had partially completed cross-examination, it was decided that the deposition should continue the following day. Although decedent's counsel preferred to continue, the adjournment was mutually agreed upon. There is no indication that the adjournment was precipitated by the bad faith of defense counsel. Unfortunately, the deponent expired before the examination could be resumed. The general rule is that a deposition is not admissible as evidence in chief unless the opposing party has had an opportunity to cross-examine the deponent *(Stern v Inwood Town House,* 22 AD2d 650). Furthermore, orderly procedure requires that cross-examination not be commenced until after the completion of direct examination *(Matter of Harmon,* 38 AD2d 988). Where, as here, there are several codefendants, represented by separate counsel and having somewhat competing interests, orderly procedure requires that cross-examination by one codefendant must be completed before the next codefendant commences cross-examination. There is no reason to depart from the general rule in this case. The adjournment of the examination before trial may not be deemed a waiver of the defendants' right to conduct cross-examinations. Indeed, the record unequivocally shows that the parties intended to continue the examination, thereby reserving their rights (see *Matter of Harmon, supra).* One codefendant had not completed his cross-examination and the other codefendants had not even commenced examining the witness. Thus, the defendants were largely denied the opportunity to test the veracity of the witness. Nor is this an appropriate case for the introduction of part of the deposition. Although one codefendant had partially cross-examined the witness, the direct testimony is not readily susceptible to redaction regarding references to the other codefendants. To avoid prejudice and confusion it is therefore necessary to suppress the entire examination. Finally, we note that although questions of admissibility of evidence are generally left for the trial court, the issue presented here is

solely a question of law which will not be altered by subsequent events. Thus, the parties are entitled to a resolution of this issue so that they may better prepare for trial. Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.