■ ANTHONY SINISCALCHI, as Father and Natural Guardian of ANTHONY SINISCALCHI, JR., Appellant, v CENTRAL GENERAL HOSPITAL et al., Respondents. — In a medical malpractice action, plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County, dated July 3, 1979, as limited the examinations before trial of codefendants Bennett and Central General Hospital to the issue of informed consent, and (2) from so much of a further order of the same court, dated September 6, 1979, as, upon reargument, adhered to its original determination. Appeal from the order dated July 3, 1979 dismissed, without costs or disbursements. That order was superseded by the order granting reargument. Order dated September 6, 1979 reversed insofar as appealed from, without costs or disbursements, the provision adhering to the original determination is deleted, so much of the prior determination as limited the issues which may be raised upon the examinations before trial of codefendants Bennett and Central General Hospital is vacated and said codefendants may be examined *de novo.* The examinations shall proceed at the place designated in the order dated July 3, 1979, at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other times and places as the parties may agree. Dr. Bennett and Central General Hospital were apparently deposed in a prior action arising out of the same alleged malpractice, which action was subsequently discontinued without prejudice on the plaintiff's motion. Shortly thereafter the instant action was commenced, and in it for the first time an additional codefendant (Dr. Phillips) was joined as a party. In addition to the joinder of Dr. Phillips as a party defendant, the complaint in the second action also asserted an additional theory of recovery (i.e., the lack of informed consent), and in its answer the hospital, for the first time, asserted a cross claim for indemnification against its codefendants. Under these circumstances, and given the facts that (1) as Special Term held, plaintiff should be permitted to depose *all* of the codefendants regarding the newly interposed theory of liability, (2) this is a new action with different counsel, the prior action having been discontinued by the plaintiff without prejudice, (3) the codefendants have never had an opportunity to depose each other regarding the hospital's cross claim, (4) the hospital has voiced no objection to appearing at the requested examination before trial, (5) codefendant Phillips has never had an opportunity to depose any of the other parties regarding issues germane to the instant lawsuit, (6) plaintiff has never had an opportunity to depose Dr. Phillips, (7) the inquiry regarding Dr. Phillips' role in the treatment of the infant plaintiff at the original examination before trial was cursory at best, and (8) as it now stands, the responses elicited from either of the original codefendants during their examinations before trial could never be deemed admissible against Dr. Phillips (see CPLR 3117, subd [a], pars 2, 3; see, also, *Morello v Brookfield Constr. Co.,* 4 NY2d 83, 88-89; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3117:3, pp 491-492 and CPLR 3117:6, pp 496-497), we believe that the simplest and most expedient course to pursue at this juncture would be to permit the various depositions to proceed without limitation of issue, i.e., *de novo.* We note in this regard that

all of the affected parties will ultimately have to appear at an examination before trial, and that the only party who may be adversely affected by an examination *de novo* is codefendant Bennett. On balance, however, we have concluded that whatever slight inconvenience may be caused to Dr. Bennett is more than overborne by the plaintiff's need to know and by the prejudice which may befall Dr. Phillips if plaintiff is permitted to introduce portions of the original depositions and if the foregoing results in the admission of testimony which is adverse to that doctor's interests. In such circumstances, the delivery of a cautionary instruction to the jury that such responses are not binding upon Dr. Phillips may prove sufficient (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3117:3, p 492), but we deem it more desirable to eliminate the potential problem altogether. This could, perhaps, be accomplished alternatively by permitting Dr. Phillips to cross-examine his codefendants before trial regarding the subject matter of their depositions (cf. *Shaw v Paramount Pictures Corp.,* 52 AD2d 568), but, in our view, permitting the examinations to proceed *de novo* is preferable given the additional factors here present. Lazer, J.P., Rabin, Gulotta and Cohalan, JJ., concur.