MICHAEL BIANCHI et al., Plaintiffs, v FEDERAL INSURANCE COMPANY et al., Defendants.

Supreme Court, New York County, December 23, 1988

## APPEARANCES OF COUNSEL

*Schoenfeld & Schoenfeld* for Michael Bianchi, plaintiff. *Kreindler & Relkin, P. C.,* for U. S. Capital Corporation, plaintiff. *Tell, Cheser, Breitbart & Lefkowitz* for Federal Insurance Company, defendant. *D'Amato & Lynch* for Doniger Brokerage Corporation, defendant.

## OPINION OF THE COURT

HAROLD BAER, JR., J.

This lawsuit involved a claim for more than $300,000 of insurance allegedly due the plaintiff as a result of a burglary in his house on Long Island. The Federal Insurance Company (Federal) had issued policies covering art and jewelry in 1979

and there was a loss due to what plaintiff contended was a burglary at his house on Long Island in late 1979. The plaintiff initiated a lawsuit against Federal in November 1980. Thereafter and in September of 1982, the plaintiff instituted a separate action against his agent Doniger Brokerage Corporation (Doniger). In January of 1983, the plaintiff moved to consolidate the two actions which was consented to by both defendants, i.e., Federal and Doniger, and an order to that effect was submitted signed and entered in February 1983. By that time, discovery had begun and the deposition of a Federal employee had already occurred. From February of 1983 until November of 1988, when the case was tried, there was additional discovery in the consolidated action. At no time did Doniger request to examine Federal and as I recall it, there was no request formal or otherwise for the transcript.

At trial, the plaintiff sought to read on his case-in-chief the deposition of the Federal employee taken prior to consolidation pursuant to CPLR 3117 (a) (2), entitled "Use of depositions", which reads in pertinent part:

"(a) Impeachment of witnesses; parties; unavailable witnesses. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any of the following provisions: * * *

"2. the deposition of a party or of any one who at the time of taking the deposition was an officer, director, member, or managing or authorized agent of a party, or the deposition of an employee of a party produced by that party, may be used for any purpose by any adversely interested party".

The defendant Doniger objected saying that he had not been in attendance at that deposition and had received no notice of it. It was Doniger's position that while the CPLR may permit the plaintiff to read from the deposition, the court was, at the very least, required to instruct the jury that the testimony was not binding on Doniger.

This section (CPLR 3117) has at least in substance been part of the law of the State of New York for many years. It is a direct descendant of section 303 of the Civil Practice Act. That section too permitted depositions of a party to be read by an adverse party for any purpose. Civil Practice Act § 303, however, included the following language: "Testimony by deposition may be read in evidence, however, *only against a party who or whose predecessor in interest was duly served with*

*notice of the taking of the testimony* or a copy of an order therefor, or notice of entry of the order, if granted by the court, or who consented by stipulation to the taking of the testimony by deposition, or against the party who or whose predecessor in interest caused the testimony to be taken" (emphasis supplied). This language certainly suggests that the court was bound to give the proposed instruction. While the cases on the issue are sparse and the statute is silent, I am constrained to hold to the contrary. The closest case appears to be *Siniscalchi v Central Gen. Hosp.* (80 AD2d 849 [1981]). There, an appeal was taken from what severely circumscribed the second deposition of a doctor and a hospital deposed in a discontinued lawsuit involving the same facts. The court below limited the deposition to the new issue in the case. The order was reversed and the court held that the deposition should be allowed without any limitation. There, while the doctor and the hospital had been deposed before, the action had been discontinued without prejudice. In the new lawsuit there was an additional codefendant and new lawyers as well as a new theory. While the appellate court reversed and permitted a broad new examination, at least acknowledging the notice in order to bind theory, the striking difference is the demand for the second examination. Here there was no such demand. When we add to this the failure to object prior to trial, the failure to request copies of any previously taken depositions, consent to the consolidation and the passage of so much time, i.e., five years, the prejudice if any was offset by the plaintiff's rights and the deposition may be read as against both defendants.