SECOND DEPARTMENT, DECEMBER, 2004

(December 6, 2004)

■ ANDREZ ANDRUSZIEWICZ, Plaintiff, v EDYTHE ATLAS et al., Defendants, and NY BROAD HOLDINGS, INC., Defendant and Third-Party Plaintiff-Respondent. HOT CONSTRUCTION CORP., Doing Business as FAST TRACK CONSTRUCTION, Third-Party Defendant-Respondent; NATIONAL ABATEMENT CORP., et al., Third-Party Defendants-Appellants. (And a Third-Party Action.) [788 NYS2d 395]—

In an action to recover damages for personal injuries, the second third-party defendants, National Abatement Corp. and NAC Environmental Services Corp., appeal from a judgment of

the Supreme Court, Kings County (G. Aronin, J.), dated August 5, 2003, which, after a nonjury trial, is in favor of the third-party defendant, second third-party plaintiff, Hot Construction Corp., doing business as Fast Track Construction, and against National Abatement Corp. on its cause of action seeking common-law indemnification in the principal sum of $200,000.

Ordered that the appeal by NAC Environmental Services Corp. is dismissed, as that appellant is not aggrieved by the judgment; and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, and National Abatement Corp. is granted a new trial; and it is further,

Ordered that costs, if any, shall abide the event of the new trial.

The issue on this appeal is whether Hot Construction Corp., doing business as Fast Track Construction (hereinafter Fast Track), as general contractor, was entitled to common-law indemnification from National Abatement Corp. (hereinafter NAC), its subcontractor, for violation of Labor Law § 240 (1).

The plaintiff, an employee of NAC's subcontractor, American Standard Environmental, Inc., allegedly was injured when he fell from scaffolding while performing asbestos removal work as part of a renovation and construction project. In 1997 he commenced an action to recover damages, inter alia, for violation of Labor Law § 240 (1). In October 1998 New York Broad Holdings, Inc. (hereinafter Broad Holdings), owner of the premises where the accident occurred and one of the defendants in that action, commenced a third-party action against Fast Track.

In June 1999 the plaintiff's motion for summary judgment against Broad Holdings with respect to liability for violation of Labor Law § 240 (1) was granted. Thereafter, in July 1999, Fast Track commenced a second third-party action against NAC.

By order dated September 22, 1999, the Supreme Court granted Broad Holdings' motion for summary judgment against Fast Track as general contractor on the issue of common-law indemnification. The plaintiff entered into a stipulation of settlement with Fast Track and NAC which provided that Fast Track and NAC would each pay $200,000 to the plaintiff. Fast Track's claim against NAC for common-law indemnification was severed and survived the settlement.

At the nonjury trial of Fast Track's claim against NAC for common-law indemnification, NAC argued that the cause of the plaintiff's fall from the scaffold was unclear, and "[t]here is no proof that National Abatement Corp. was actively negligent or

in anyway responsible for the subject incident." Thereafter, Fast Track read into the record the plaintiff's deposition testimony, over NAC's objection. The plaintiff's deposition was taken on July 7, 1998, before NAC was a party to the proceedings. Therefore, NAC had no opportunity to cross-examine the plaintiff. NAC's counsel argued that the plaintiff should be present and subject to cross-examination by NAC. The trial court overruled NAC's objection. This was error (*see Owens v Sokol*, 65 AD2d 569 [1978]).

The plaintiff's testimony was crucial in determining how the accident occurred and in determining who was responsible. Accordingly, a new trial is warranted. Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.