■ YVETTE RIVERA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. LISA M. INGRISANO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. DONALD PUGLISI, Appellant, v NEW YORK CITY TRANSIT AUTHORITY

et al., Respondents. WEI DE FAN, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al. Respondents. ODETTE BOBB, Appellant, v ANTONIO BATTISTA et al., Respondents. DAMIKA BREHON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [863 NYS2d 201]—

Judgments, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 24, 2006, which, upon a jury verdict, dismissed the complaint in each of the above-captioned actions, unanimously reversed, on the law, without costs, the complaints reinstated, and the matters remanded for a new trial. Appeals from order, same court and Justice, entered on or about February 27, 2006, which, inter alia, denied a motion and cross motion for judgment notwithstanding the verdict or for a new trial, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.

Plaintiffs in these actions allege that they were injured in an accident that occurred when the individual defendant, an employee of defendant New York City Transit Authority (NYCTA), passed out while operating a bus. Plaintiffs' actions, along with others arising from the same incident, were consolidated for trial on the issue of liability. The sole question put to the jury was as follows: "Did the defendant [bus driver] . . . have a sudden, unanticipated, medical emergency before causing the accident?" The jury returned a verdict answering the question in the affirmative.

Plaintiffs now appeal from the judgments dismissing their respective complaints pursuant to the jury's verdict. They argue, inter alia, that the trial court erred in permitting defense counsel, over plaintiffs' objection, to read into evidence portions of the pretrial testimony given at depositions or General Munic-

ipal Law § 50-h hearings by nine plaintiffs, six of whom had settled before trial. Plaintiffs point out that none of them received notice of, or was represented at, the depositions and section 50-h hearings in other actions, and, on that basis, contend that each deposition or section 50-h hearing transcript is hearsay as to the plaintiffs in the other actions. For the reasons set forth below, we agree.

CPLR 3117 (a) (2) provides that "the deposition testimony of a party or of any person who was a party when the testimony was given . . . may be used [at trial] for any purpose by any party who was adversely interested when the deposition testimony was given or who is adversely interested when the deposition testimony is offered in evidence." The statute expressly provides, however, that the use of a deposition is authorized only *"so far as admissible under the rules of evidence"* (CPLR 3117 [a] [emphasis added]). Thus, even assuming (without deciding) that CPLR 3117 (a) (2), unlike CPLR 3117 (a) (3) (setting forth the conditions for the use of "the deposition of any person"), permits the use of the deposition of a party against another party who did not receive notice of the deposition and was not present or represented at its taking (*see Bianchi v Federal Ins. Co.*, 142 Misc 2d 82 [Sup Ct, NY County 1988]; *but see Andruszziewicz v Atlas*, 13 AD3d 325 [2004]; *Siniscalchi v Central Gen. Hosp.*, 80 AD2d 849 [1981]; Weinstein-Korn-Miller, NY Civ Prac ¶ 3117.05 [2d ed]), deposition testimony otherwise satisfying the requirements of CPLR 3117 (a) (2) still is not admissible unless it is shown that, as to each party against whom the deposition is to be used, it falls within an exception to the rule against hearsay (*see United Bank v Cambridge Sporting Goods Corp.*, 41 NY2d 254, 264 [1976]). No such showing was made here.

While the deposition testimony of each plaintiff was admissible against that plaintiff as an admission (*see* Prince, Richardson on Evidence §§ 8-201, 8-202 [Farrell 11th ed]), the status of such testimony as an admission of the plaintiff who testified did not render it admissible against the other plaintiffs (*id.* at § 8-203; *see also Claypool v City of New York*, 267 AD2d 33, 35 [1999] [General Municipal Law § 50-h testimony was not admissible at trial against parties who "were not notified and were not present at the hearing"]).* Neither were the depositions admissible under the hearsay exception for declarations against the declarant's interest, since none of the deponents

---

* Thus, while each of plaintiffs-appellants Puglisi, Ingrisano and Brehon is not aggrieved by the admission into evidence of his or her own deposition testimony, each of them is entitled to complain of the admission against him

was shown to have been unavailable to testify at trial (*see* Prince, Richardson § 8-404). Further, since none of the deponents testified at trial before his or her deposition was read into evidence, the deposition testimony was not admissible as a trial witness's prior inconsistent statement (*cf. Letendre v Hartford Acc. & Indem. Co.*, 21 NY2d 518 [1968]; *Campbell v City of Elmira*, 198 AD2d 736, 738 [1993], *affd* 84 NY2d 505 [1994]; Prince, Richardson § 8-104).

We reject defendants' argument that plaintiffs stipulated to the admissibility at trial of testimony given by any plaintiff at a deposition or General Municipal Law § 50-h hearing. In October 2004, counsel in all actions arising from the subject incident (nine of which were then pending) entered into a stipulation providing that all actions would be consolidated for a single trial on the issue of liability and that two of the eight law firms that then represented plaintiffs in those actions would represent all plaintiffs at the liability trial. The stipulation further provided: "If the Transit Authority intends to call any of the Plaintiffs or read the testimony of any of those plaintiffs from either a 50-H hearing or a deposition[,] the attorney representing that individual plaintiff will also be allowed to participate in the trial." Nothing in the above-quoted provision indicates an intention to expand the admissibility at trial of a plaintiff's deposition or section 50-h hearing testimony beyond what would have been the case in the absence of the stipulation.

A new trial is required because, on this record, the admission of the deposition and General Municipal Law § 50-h testimony cannot be considered harmless error. At trial, three plaintiffs testified that, as they boarded the bus before the accident, they observed that the defendant bus driver appeared to be in physical distress of some sort. In contrast, the pretrial testimony read into the record by defendants included statements by several plaintiffs (none of whom testified at trial) to the effect that they did not notice anything unusual about the driver from the time they boarded the bus until the accident occurred. In his closing argument at trial, defense counsel referred the jury to this pretrial testimony as a basis for finding that the driver's loss of consciousness had been sudden and unanticipated. Indeed, defendants' appellate brief, in arguing that the verdict is supported by sufficient evidence, specifically points out that the jury may have been influenced by the pretrial testimony of the witnesses who did not notice anything amiss with the driver before the accident.

---

or her of the deposition testimony of the other two and of the deposition testimony of the six plaintiffs who settled before trial.

We reject plaintiffs' argument that the trial court erred in giving the jury an emergency charge based on PJI 2:14. As we stated in deciding a prior appeal in one of these actions, the issue to be tried was "whether defendant bus driver's loss of vehicular control was attributable to an unforeseeable medical emergency" (*Rivera v New York City Tr. Auth.*, 11 AD3d 333 [2004]). It is of no moment that the bus driver's loss of consciousness did not arise from circumstances external to the driver himself, since evidence was presented from which the jury could find that his loss of consciousness was "a sudden and unforeseen emergency not of the actor's own making" (*Caristo v Sanzone*, 96 NY2d 172, 175 [2001]; *see also McGinn v New York City Tr. Auth.*, 240 AD2d 378, 379 [1997] [a vehicle operator "who experiences a sudden medical emergency will not be chargeable with negligence provided that the medical emergency was unforeseen" (internal quotation marks and citations omitted)]). For this reason, plaintiffs' argument that they were entitled to judgment notwithstanding the verdict is without merit.

Finally, the record does not support plaintiffs' claims of judicial misconduct.

Since a new trial is required, we need not reach plaintiffs' remaining claims of error. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ. [*See* 12 Misc 3d 1167(A), 2006 NY Slip Op 51089(U).]