(November 13, 1989)

■ DAVID ABISH et al., Appellants, v WILLIAM CETTA, Defendant, and GENERAL MOTORS CORP., Respondent.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Ain, J.), dated May 5, 1988, which granted the motion of the defendant General Motors Corp. for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 14, 1985, at approximately 9:00 P.M., in Oceanside, New York, William Cetta suffered a fatal heart attack while driving a car provided by his employer, General Motors Corp. (hereinafter GM). The vehicle collided with a car driven by the plaintiff David Abish, who sustained personal injuries as a result of the accident.

The plaintiffs' argument that the Supreme Court erred in granting summary judgment must fail. The papers and proof submitted by GM indicates that it is entitled to judgment as a matter of law. In defeating a motion for summary judgment, the opposing party must show facts sufficient to require a trial of any issue of fact (CPLR 3212 [b]). This showing must be made by producing evidentiary proof in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557). In the instant case, the plaintiffs had the burden of coming forward with evidentiary proof sufficient to rebut the motion for summary judgment. The plaintiffs failed to do this. Essentially, their answering papers simply recounted the conclusory allegations made in the complaint, stating that the decedent was negligent in traveling at an excessive rate of speed, failing to have the vehicle equipped with proper brakes, and failing to look in the direction in which his vehicle was proceeding.

Likewise, the plaintiffs' contention that a jury should determine whether Mr. Cetta was negligent is without merit. In *Beiner v Nassau Elec. R. R. Co.* (191 App Div 371), where a

motorman collapsed, causing his electric streetcar to accelerate and hit the plaintiff who was driving a wagon, this court held that an "act of God exculpates [a] defendant unless [the] defendant's negligence was a co-operative or concurring cause of the casualty" *(Beiner v Nassau Elec. R. R. Co., supra,* at 372). "Failure to guard against a remote possibility of accident or one which, in the exercise of ordinary care, could not be foreseen will not constitute negligence" *(Epstein v State of New York,* 124 AD2d 544, 549). The plaintiffs herein have neither offered proof that the accident in question was foreseeable nor that Mr. Cetta failed to exercise reasonable care, and so it must be concluded that Mr. Cetta cannot be said to have been negligent.

The plaintiffs are incorrect when they state that summary judgment should have been denied because GM had exclusive knowledge of the facts. The plaintiffs examined Mr. Cetta's supervisor before trial and could easily have secured the name and address of the witness Glynis Kramer, a passenger in Mr. Cetta's vehicle, from the police report or GM's accident report. One should not be allowed to claim that facts cannot be stated where his or her own voluntary inaction is the cause of the lack of knowledge *(Moxon v Barbour,* 106 AD2d 558, 559). Since the plaintiffs offered no proof that GM concealed any facts, this argument must fail. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.