■ BARBARA THOMAS et al., Respondents, v FRANK HULS-LANDER, Appellant. [649 NYS2d 252] —White, J. Appeal from an order of the Supreme Court (Ellison, J.), entered November 27, 1995 in Chemung County, which denied defendant's motion for summary judgment dismissing the complaint.

This appeal follows Supreme Court's denial of defendant's motion for summary judgment dismissing the complaint in this negligence action arising out of an automobile accident that occurred on March 22, 1991 in which plaintiff Barbara Thomas (hereinafter plaintiff) sustained personal injuries. The first ground defendant advanced for the dismissal of the complaint is that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d). He supported this argument with an affidavit by an orthopedic surgeon who had examined plaintiff on January 11, 1995. His examination revealed that, as of that date, plaintiff suffered from, *inter alia*, neck, shoulder and lower back strain and sprain. He found these injuries to be causally related to the accident and concluded that they left plaintiff with a nonpermanent "partial and mild" disability that precludes her from lifting objects weighing over 20 pounds and from engaging in stressfully repetitive or continuous bending, squatting, outreach or overhead activities.

In our view, this proof, showing that plaintiff suffers from chronic neck, shoulder and back conditions that have restricted her physical activities, raises a triable question of fact as to whether she sustained a significant limitation of use of a body function or system (*see, Larrabee v State of New York*, 216 AD2d 772; *Weaver v Howard*, 206 AD2d 793). Further, taking into account the fact that plaintiff presented the aforementioned injuries four years after the accident, the opinion of defendant's doctor that they are nonpermanent is open to challenge, as evidenced by the contrary opinion of plaintiff's doctor. Thus, since defendant did not establish as a matter of law that plaintiff did not sustain a "serious injury", he was not entitled to summary judgment on this ground (*see, Mendola v Demetres*, 212 AD2d 515).

It is undisputed that defendant, a diabetic, experienced a hy-

poglycemic attack immediately before the accident. He argues that this factor entitles him to summary judgment since it absolves him from negligence. This argument rests on the rule that an operator of an automobile who experiences a sudden medical emergency will not be chargeable with negligence provided that the medical emergency was unforeseen (8 NY Jur 2d, Automobiles, § 579, at 207). This rule has been applied where the driver had a fatal heart attack (*see, Abish v Cetta,* 155 AD2d 495, 495-496), but has been found inapplicable where a diabetic driver left work because he did not feel well and his blood sugar level following the accident was 37 (*see, Harvey v Culpepper,* 801 SW2d 596, 598; *see also, Hosmer v Distler,* 150 AD2d 974, 975). Likewise, it was found that a diabetic driver should have foreseen a hypoglycemic attack where the proof showed he felt "woozy" before the accident, had not eaten lunch and, prior to the accident, was observed driving erratically for eight or nine miles (*see, Howle v PYA/Monarch, Inc.,* 288 SC 586, 589-590).

Here, the record shows that on the morning of the accident, which happened between 10:30 A.M. and 11:00 A.M., defendant's blood sugar level was low and he was observed driving erratically for a considerable distance. Further, after the accident his blood sugar level was around 30 which, as his doctor points out, is a level at which a hypoglycemic attack can be expected to occur. Given these facts, we concur with Supreme Court that there is a triable issue of fact on the question of whether defendant should have foreseen his attack. Accordingly, his motion on this ground was also properly denied.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.