■ SHEILA T. McGINN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. (Action No. 1.) DEBRA ANGELONE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. (Action No. 2.) DIEDRE DUNN-HADDAD et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. (Action No. 3.) JOSEPH CAIAZZO et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. (Action No. 4.) [658 NYS2d 121] —In consolidated actions to recover damages for personal injuries, etc., the defendants, New York City Transit Authority and Patrick J. Siravo, and the second third-party defendant, Manhattan and Bronx Surface Transit Operating Authority, appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated March 22, 1996, as granted the plaintiffs' motions for partial summary judgment on the issue of liability, and denied their cross motion for summary judgment dismissing the complaints.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the plaintiffs' motions for partial summary judgment on the issue of liability and substituting therefor a provision denying those motions; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, *inter alia,* for determination of the separate motion of the plaintiff Sheila T. McGinn for discovery, which was denied as academic in light of the court's determination on her motion for partial summary judgment.

At approximately 6:45 A.M. on February 1, 1994, the plaintiffs were passengers in a bus owned by the defendant New York City Transit Authority and operated by the defendant Patrick J. Siravo, when it hit a utility pole located on the sidewalk, went down an embankment, and struck a garage. The evidence submitted by the appellants on their motion for summary judgment included the affidavit of Siravo, who averred, in part, "my only recollection of the events that occurred on or about [the time of the accident] is that I felt a tingling sensation I passed out and [later] awoke at [the] Hospital". The submissions also included competent medical evidence tending to establish that Siravo had "no prior neurological, cardiac or medical problem which preceded the incident of February 1, 1994, which would [have been] likely to cause a loss of consciousness or syncope".

"[A]n operator of an automobile who experiences a sudden medical emergency will not be chargeable with negligence provided that the medical emergency was unforeseen" *(Thomas v Hulslander,* 233 AD2d 567, citing 8 NY Jur 2d, Automobiles, § 579, at 207; *see also, Aiello v Garahan,* 91 AD2d 839, *affd* 58 NY2d 1078; *Abish v Cetta,* 155 AD2d 495; *Beiner v Nassau Elec. R. R. Co.,* 191 App Div 371). In light of this rule, we conclude that the Supreme Court erred in finding that the defendants were negligent as a matter of law. There are material issues of fact as to whether Siravo did indeed experience a medical emergency, and as to whether such emergency was foreseeable. These and other issues of fact require a trial.

The order appealed from is modified accordingly. The matter is remitted to the Supreme Court to determine the plaintiff McGinn's separate motion for discovery, which it determined was academic in light of the order granting summary judgment to the plaintiffs on the issue of liability. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.