■ STATE OF NEW YORK, Appellant, v ORONZO SUSCO, Respondent. [666 NYS2d 321] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered August 20, 1996 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

On October 6, 1993, Joseph Bianchi suffered a fatal heart attack while operating a dump truck owned by defendant, his

---

employer. Bianchi's truck veered off the road striking several guide rails and the supports for an overhead sign on State Route 481 in the Town of Onondaga, Onondaga County. Thereafter, the State commenced this action against defendant and Bianchi's estate seeking an award for property damage. Following joinder of issue, the action was discontinued against Bianchi's estate. Defendant subsequently moved for summary judgment dismissing the complaint on the basis that the property damage was attributable to an act of God. Supreme Court granted the motion and the State appeals.

We affirm. It is well settled that "an operator of an automobile who experiences a sudden medical emergency will not be chargeable with negligence provided that the medical emergency was unforeseen" (*Thomas v Hulslander*, 233 AD2d 567, 568; *see, Abish v Cetta*, 155 AD2d 495, 496; *Beiner v Nassau Elec. R. R. Co.*, 191 App Div 371, 372). On the record before us, we find that defendant met his burden of demonstrating that the cause of Bianchi's accident was unforeseeable. Jason Klisz, one of Bianchi's co-workers who was driving behind him at the time of the accident, testified at his deposition that Bianchi appeared tired the morning of the accident when the two of them were at the gravel plant loading their dump trucks with asphalt. Klisz explained that the process of loading the trucks was done by machine and did not require any physical labor by Bianchi. He added, however, that Bianchi patted his chest and indicated that he was out of breath as he went to pull the canvas tarp over his load. Klisz stated that he assisted Bianchi with the tarp. After the trucks were loaded, Klisz followed Bianchi down the highway. After losing sight of Bianchi for about a minute, Klisz came upon Bianchi's truck and the accident scene. A Sheriff's Deputy who responded concluded that Bianchi had experienced a fatal heart attack which caused the accident.

Both Klisz and defendant testified that they were unaware that Bianchi had heart trouble and he did not mention it to them on any prior occasion. Klisz further stated that, notwithstanding Bianchi's shortness of breath and apparent fatigue on the morning of the accident, he did not believe Bianchi's condition was indicative of a heart attack. The State attempts to establish the foreseeability of the accident through an affidavit of the Sheriff's Deputy who opined, based upon his experience and training in cardiopulmonary resuscitation, that Bianchi's shortness of breath was the initial sign of a heart attack and that Bianchi should not have driven thereafter. We find this affidavit insufficient to defeat defendant's motion for summary

judgment (*see, Trustco Bank N. Y. v S/N Precision Enters.*, 234 AD2d 665, 669; *Pettica v Williams*, 223 AD2d 987, 988). Simply, this submission did not establish that defendant had notice of Bianchi's medical condition. Accordingly, we decline to disturb Supreme Court's order (*see, Abish v Cetta, supra*).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.