■ THOMAS PARISELLA, Appellant, v JACK HAVERTY's AUTO PARTS, INC., et al., Respondents. [745 NYS2d 494] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated October 11, 2001, as denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is granted.

In opposition to the plaintiff's prima facie demonstration of entitlement to judgment as a matter of law on the issue of liability (*see Mehring v Cahill,* 271 AD2d 415; *Schmall v Ryder,* 262 AD2d 476; *Phelps v Legler,* 262 AD2d 621; *Goff v Goudreau,* 222 AD2d 650), the defendants failed to raise a triable issue of fact, by competent or expert medical evidence, as to its affirmative defense that Michael McGuinnis, driver of the vehicle owned by the defendant Jack Harvey's Auto Parts, Inc., and decedent of the defendant administratrix Rita Brannen, sustained a sudden and unforeseen medical emergency (*see Boesch v Nishball,* 283 AD2d 534; *Ficorilli v Thomsen,* 262 AD2d 602; *McGinn v New York City Tr. Auth.,* 240 AD2d 378). Thus, the plaintiff was entitled to summary judgment on the issue of liability. Ritter, J.P., Feuerstein, Adams and Mastro, JJ., concur.