■ ESTATE OF RACHEL MARONE, Respondent, v BENJAMIN CHAVES, Defendant, and FORD CREDIT TITLING TRUST, Appellant. (Action No. 1.) HAROLD W. FOLEY, JR., Respondent, v BENJAMIN CHAVES, Defendant, and FORD CREDIT TITLING TRUST, Appellant. (Action No. 2.) [760 NYS2d 860] —In two related actions to recover damages for personal injuries and wrongful death, which were consolidated for trial, the defendant Ford Credit Titling Trust appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated August 1, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On February 23, 2000, a vehicle owned by the appellant and operated by the defendant Benjamin Chaves struck vehicles operated by Rachel Marone, the decedent of the plaintiff in Action No. 1, and Harold W. Foley, Jr., the plaintiff in Action No. 2. Marone was killed and Foley was severely injured. Chaves was subsequently indicted on numerous charges arising out of the incident. In these personal injuries actions, Chaves as-

serted the affirmative defense of medical emergency alleging that he suffered a grand mal epileptic seizure at the time of the accident.

Vehicle and Traffic Law § 388 provides that the owner of a motor vehicle is jointly and severally liable, together with the operator, for injuries "resulting from negligence in the use or operation of such vehicle" (Vehicle and Traffic Law § 388 [1]; see Hassan v Montuori, 99 NY2d 348 [2003]; Sullivan v Spandau, 186 AD2d 641, 642 [1992]; Hardeman v Mendon Leasing Corp., 87 AD2d 232, 236-238 [1982], affd 58 NY2d 892 [1983]).

The appellant failed to establish its prima facie entitlement to judgment as a matter of law on the issue of liability (see CPLR 3212 [b]). While the evidence submitted in support of the appellant's motion demonstrated that Chaves had a well-documented history of seizures and was operating the vehicle against medical advice, it failed to conclusively establish that the plaintiffs' injuries resulted from an intentional act of the driver (cf. Beddingfield v LaBarbera, 276 AD2d 575 [2000]; Marchetti v Avis Rent-A-Car Sys., 249 AD2d 518 [1998]). Moreover, in light of this evidence as well as evidence that Chaves suffered a seizure while driving less than two months before this accident, there is a triable issue of fact as to the foreseeability of the driver's incapacity (see Benamy v City of New York, 270 AD2d 183 [2000]; McGinn v New York City Tr. Auth., 240 AD2d 378, 379 [1997]; Thomas v Hulslander, 233 AD2d 567 [1996]). The appellant's contention that it could not have foreseen Chaves' medical emergency because it had no notice of his seizure disorder is without merit given the vicarious nature of the liability imposed upon owners of vehicles by Vehicle and Traffic Law § 388 (see Morris v Snappy Car Rental, 84 NY2d 21, 27 [1994]; but see State of New York v Susco, 245 AD2d 854, 855 [1997]). Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it.

The constitutional claims raised by the appellant are not properly before us due to a failure to give the requisite statutory notice to the Attorney General (see CPLR 1012 [b]; Executive Law § 71; Matter of Weinberg v Omar E., 106 AD2d 448 [1984]; Matherson v Marchello, 100 AD2d 233, 241 n 4 [1984]). Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.