STACEY CASEY, Respondent, v RIDGE ASSOCIATES, Appellant. [768 NYS2d 701]—

Crew III, J. Appeal from an order of the Supreme Court (Castellino, J.), entered October 4, 2002 in Chemung County, which, inter alia, denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff was hired by the Schuyler Street Association as a maintenance worker for the Falls Home, an adult care facility operated by the Association located in the Village of Montour Falls, Schuyler County. The Association is a partnership composed of James Vitale, Joseph Vitale, Jr. and Ronald Derring. Defendant, which operates an adult assisted living center known as Seneca Lake Terrace located in the City of Geneva, Ontario County, is a partnership consisting of the above-named partners and, additionally, Christopher Vitale and Paul Vitale.

In July 1999, the administrator of the Falls Home sent plaintiff to Seneca Lake Terrace for the purpose of assisting in the construction of that facility. While assisting in the installation of heating vents and fans, plaintiff fell from a ladder and was injured. As a consequence, plaintiff commenced this action seeking to recover damages pursuant to Labor Law § 240. Following joinder of issue, plaintiff moved for summary judgment on the issue of liability and defendant cross-moved to dismiss the complaint on the basis that plaintiff's sole remedy was workers' compensation inasmuch as he was a "special employee" of defendant. Supreme Court denied both motions and defendant appeals.

We affirm. It is axiomatic that one in the general employ of an organization may become a special employee of another, and whether a worker has become a special employee is generally a question of fact to be determined at trial (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]). Here, there are a number of issues to be determined at trial, not the least of which is the credibility of the affiants who were supervising plaintiff at the time of the accident and claim that, in so doing, they were acting solely in their capacity as partners of defendant. Inasmuch as the affiants were partners in both the As-

sociation that operated the Falls Home and defendant, Supreme Court quite properly observed that their affidavits were "self-serving" necessitating a credibility determination by a jury.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.