■ REINA ROMERO et al., Respondents, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants. (Action No. 1.) ERIC McLAUGHLIN, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants. (Action No. 2.) MAUREEN CHILONU, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants. (Action No. 3.) MARIE MACK, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY, Appellant. (Action No. 4.) MARIA VELASQUEZ et al., Respondents, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants. (Action No. 5.) ANA COLATO et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. (Action No. 6.) [811 NYS2d 692]—

In six related actions to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (McCarty III, J.), entered October 13, 2004, which granted the plaintiffs' motion pursuant to CPLR 4404 to set aside a jury verdict in favor of them and against the plaintiffs as against the weight of the evidence.

Ordered that the order is reversed, on the facts, with costs, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

On August 15, 2000, at approximately 7:50 A.M., the plaintiffs were passengers on a bus owned by the defendant MTA—Long Island Bus, sued herein as Metropolitan Suburban Bus Authority, and operated by David Wiggins. As the bus was moving, the passengers heard a loud noise and observed that Wiggins had passed out at the wheel. The bus veered off the roadway, struck some trees and a fence, and collided with the awning of a house before finally coming to rest. Wiggins, who was then 37 years old, was pronounced dead. The autopsy report listed the manner of death as "natural" and the cause of death as "hypertensive and arteriosclerotic heart disease," with mitral valve prolapse listed under "other significant conditions."

After a trial, the jury found that the defendants MTA-Long Island Bus, sued herein as Metropolitan Suburban Bus Authority, Metropolitan Suburban Bus Authority, and Metropolitan Transit Authority (hereinafter collectively the MSBA) were not negligent in permitting Wiggins to operate the bus on August 15, 2000. By order entered October 13, 2004, the Supreme Court granted the plaintiffs' motion to set aside the verdict as against the weight of the evidence. We reverse.

"[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d 129, 133 [1985]). Great deference must be accorded to the jury's findings of fact, as the jurors are in the best position to assess witness credibility (*see Bobek v Crystal*, 291 AD2d 521, 522-523 [2002]; *McElroy v Yousuf*, 268 AD2d 733, 736 [2000]; *Teneriello v Travelers Cos.*, 264 AD2d 772, 772-773 [1999]). Thus, a verdict should not be set aside unless the jury could not have reached it on any fair interpretation of the evidence (*see Nicastro v Park*, *supra* at 134; *see also Fenley & Nicol Envtl., Inc. v O.K. Petroleum Intl., Ltd.*, 22 AD3d 798 [2005]; *Yau v New York City Tr. Auth.*, 10 AD3d 654, 655 [2004]).

Contrary to the contention of the plaintiffs Maria Velasquez and Emerito Velasquez, the evidence in this case did not so preponderate in the plaintiffs' favor that the verdict could not have been reached upon any fair interpretation of the evidence (*see Nicastro v Park*, *supra* at 133). The jury was properly charged that, upon proof by the plaintiffs that the bus left the roadway, the burden shifted to the defendants to establish, by a fair preponderance of the evidence, that there was a nonnegligent explanation for the accident, such as an unforeseeable medical emergency (*see Benamy v City of New York*, 270 AD2d

183 [2000]; *McGinn v New York City Tr. Auth.*, 240 AD2d 378, 379 [1997]; *Thomas v Hulslander*, 233 AD2d 567, 568 [1996]; *cf. Abish v Cetta*, 155 AD2d 495 [1989]). The jury was also properly charged with respect to the MSBA's obligations under Vehicle and Traffic Law article 19-A and the regulations established thereunder. The conflicting medical evidence presented at trial raised material issues of fact regarding the nature and foreseeability of the medical emergency that resulted in the accident, as well as the MSBA's compliance with Vehicle and Traffic Law article 19-A. The jury, having been properly instructed, was entitled to resolve these issues in favor of the defendants. Accordingly, the motion to set aside the verdict should have been denied.

In light of our determination, we need not reach the defendants' remaining contentions. Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.