■ DARLENE J. HAZELTON, Respondent, v D.A. LAJEUNESSE BUILDING AND REMODELING, INC., et al., Appellants. [832 NYS2d 114]—

Mugglin, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered March 24, 2006 in Rensselaer County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

In this personal injury action, following joinder of issue, plaintiff sought and was granted partial summary judgment on the issue of liability. Her evidence, affidavits of two eyewitnesses—one who was following her vehicle and one following the vehicle of defendant Joshua A. Lajeunesse—and an affidavit from the investigating State Trooper, established a prima facie entitlement to judgment by proving that the vehicle operated by Lajeunesse crossed over the double yellow lines and struck plaintiff's vehicle head-on, thereby causing her serious personal injury. Defendants appeal, claiming that summary judgment is precluded since further discovery is necessary and genuine triable issues of fact exist regarding defendants' affirmative defense of a medical emergency and the comparative negligence of plaintiff arising from her inadequate response to Lajeunesse's vehicle crossing into her lane of travel.

We affirm. In our view, the evidence submitted by plaintiff in support of her motion for partial summary judgment establishes the absence of any genuine material issue of fact, thereby shifting the burden to defendants to come forward with any competent admissible evidence which may create an issue which would preclude summary judgment (see Spiratos v County of Chenango, 28 AD3d 863, 863 [2006]; Chisholm v Mahoney, 302

AD2d 792, 793 [2003]). Initially, we note that unexcused violations of the Vehicle and Traffic Law, such as crossing a double yellow line, constitute negligence per se (see Baker v Joyal, 4 AD3d 596, 597 [2004], lv denied 2 NY3d 706 [2004]; Gadon v Oliva, 294 AD2d 397, 397-398 [2002]). However, violations which give rise to negligence per se may be excused if the accident clearly results from an unforeseen and unexpected medical emergency (see Cook v Garrant, 27 AD3d 984, 985 [2006]; State of New York v Susco, 245 AD2d 854, 855 [1997]). Lajeunesse's self-serving affidavit in which he asserts a belief that he "blacked out,"[1] unsupported by any corroborating medical evidence, is simply insufficient to create any issue of fact regarding an unforeseeable emergency situation (see Commercial Union Ins. Co. v V. Garofalo Carting, 288 AD2d 154, 155 [2001]; Chiaia v Bostic, 279 AD2d 495, 496 [2001]). Further, defendants' present assertion regarding the conduct of plaintiff after Lajeunesse's vehicle crossed the yellow line is simply speculation and conjecture and wholly insufficient to preclude summary judgment.

Finally, defendants' assertion that partial summary judgment is precluded by the necessity for further discovery is without merit.[2] The record reveals that defendants have had between 18 and 24 months in which to pursue whatever discovery they believe necessary to ascertain the facts. Under these circumstances, we find no abuse of discretion in Supreme Court's conclusion that defendants have had ample opportunity to pursue discovery and that further discovery based upon the speculative assertion that facts sufficient to defeat plaintiff's motion for partial summary judgment may be discovered are simply insufficient. Moreover, no evidence exists that Lajeunesse was not operating the vehicle in the course of his employment and with the express permission of the owner.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

1. We note that, although Lajeunesse denies any memory of being interviewed at the scene by the State Trooper, he told the investigating Trooper that he may have fallen asleep.

2. Defendants assert that discovery is necessary to determine whether any foreign objects were in Lajeunesse's lane of travel, whether their truck experienced mechanical difficulties, and whether the nonparty witnesses' ability to observe was affected by their line of sight, the position of the sun or medication that they may have ingested. These contentions are all speculative and could have been pursued by defendants in the time frame between the institution of the action and the motion for partial summary judgment.