■ ENAN J. KARL et al., Respondents, v WAYNE R. TERBUSH et al., Appellants. [881 NYS2d 207]—

Peters, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 23, 2008 in Otsego County, which denied defendants' motion for summary judgment dismissing the complaint.

While operating a vehicle owned by defendant Julia M. Terbush, defendant Wayne R. Terbush (hereinafter defendant) allegedly lost consciousness and collided with an oncoming car being driven by plaintiff Enan J. Karl. Plaintiffs thereafter brought this negligence action against defendants. Defendants then moved for summary judgment on the ground that the accident arose as a result of a sudden and unforeseeable medical emergency suffered by defendant. Supreme Court denied the motion, finding that issues of fact remained requiring a trial. We agree, and therefore affirm.

" '[A]n operator of an automobile who experiences a sudden medical emergency will not be chargeable with negligence provided that the medical emergency was unforeseen' " (*State of New York v Susco*, 245 AD2d 854, 855 [1997], quoting *Thomas v Hulslander*, 233 AD2d 567, 568 [1996]; *see Hazelton v D.A. Lajeunesse Bldg. & Remodeling, Inc.*, 38 AD3d 1071, 1072

[2007]). Here, defendant's own testimony as well as his medical records established that, for the month preceding the accident, he experienced episodes of dizziness, lightheadedness and weakness which increased in frequency shortly before the accident. The evidence further established that defendant felt lightheaded on the day of the accident, including while driving his vehicle. Notably, the record lacks any evidence as to the severity of defendant's lightheadedness while he was operating his vehicle or how long he continued to drive while experiencing these symptoms. Viewing this evidence in the light most favorable to plaintiffs and according them the benefit of every favorable inference that can be drawn therefrom (see *Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]; *Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d 1188, 1190 [2009]), we agree with Supreme Court that issues of fact remain as to whether defendant's emergency was foreseeable (see *Benamy v City of New York*, 270 AD2d 183, 183 [2000]; *McGinn v New York City Tr. Auth.*, 240 AD2d 378, 379 [1997]; *Thomas v Hulslander*, 233 AD2d at 568). Additionally, defendant's inconsistent and conflicting statements during his deposition testimony concerning the symptoms he experienced prior to the accident necessitate a credibility determination to be resolved by a jury (see e.g. *Casey v Ridge Assoc.*, 2 AD3d 1145, 1145 [2003]).

Cardona, P.J., Lahtinen, Kane and Garry, JJ., concur. Ordered that the order is affirmed, with costs.