■ SANG HYUB HAN, Respondent, v PHYLLIS ONYAN, Appellant. [921 NYS2d 533]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Weinstein, J.), entered October 15, 2010, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when the defendant's vehicle struck his vehicle, which was stopped at a red light on 150th Street at its intersection with Willets Point Boulevard in Queens. The defendant alleges that while driving on 150th

Street, she suffered a medical emergency, in the course of which she lost consciousness and struck the plaintiff's vehicle. The defendant moved for summary judgment dismissing the complaint, arguing that the accident arose as a result of a sudden and unforeseeable medical emergency suffered at the time of the accident.

The defendant did not demonstrate her prima facie entitlement to judgment as a matter of law because she failed to establish her claim "by competent or expert medical evidence" (*Parisella v Jack Haverty's Auto Parts*, 296 AD2d 539 [2002]; *see Mowton v Rabiner*, 40 AD3d 1058 [2007]; *Commercial Union Ins. Co. v V. Garofalo Carting*, 288 AD2d 154 [2001]). Since the defendant did not meet her burden, there is no need to address the sufficiency of the plaintiff's submissions in opposition to the defendant's motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly denied. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.