ARTHUR J. DORAN III et al., Appellants, v RAYMOND WELLS, Respondent. [957 NYS2d 249]—

On their motion for summary judgment on the issue of liability, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff's vehicle was fully stopped at a red traffic light when it was struck in the rear by the defendant's vehicle (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 845-846 [2012]; *Balducci v Velasquez*, 92 AD3d 626, 628-629 [2012]). However, in opposition, the defendant, who allegedly experienced a hypoglycemic attack immediately before the accident, raised a triable issue of fact as to whether he suffered a sudden and unforeseeable medical emergency that constituted a non-negligent explanation for the accident (*see Romero v Metropolitan Suburban Bus Auth.*, 25 AD3d 683, 684 [2006]; *Estate of Marone v Chaves*, 306 AD2d 372, 373 [2003]; *Thomas v Hulslander*, 233 AD2d 567, 568 [1996]). Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.