On their motion for summary judgment on the issue of liability, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiffs vehicle was fully stopped at a red traffic light when it was struck in the rear by the defendant’s vehicle (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Pollard v Independent Beauty & Barber Supply Co., 94 AD3d 845, 845-846 [2012]; Balducci v Velasquez, 92 AD3d 626, 628-629 [2012]). However, in opposition, the defendant, who allegedly experienced a hypoglycemic attack immediately before the accident, raised a triable issue of fact as to whether he suffered a sudden and unforeseeable medical emergency that constituted a non-negligent explanation for the accident (see Romero v Metropolitan Suburban Bus Auth., 25 AD3d 683, 684 [2006]; Estate of Marone v Chaves, 306 AD2d 372, 373 [2003]; Thomas v Hulslander, 233 AD2d 567, 568 [1996]). Accordingly, the Supreme Court properly denied the plaintiffs’ motion for summary judgment on the issue of liability. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.