In an action, inter alia, to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County *713 (Winslow, J.), dated November 9, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint on the ground that the accident resulted from an unforeseen medical emergency.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs allegedly sustained injuries when the vehicle in which they were traveling was struck by a vehicle operated by the defendant Brandi M. Bell and owned by the defendant Robert A. Bell. The defendants, relying solely upon the deposition testimony of Brandi M. Bell, subsequently moved for summary judgment dismissing the complaint, inter alia, on the basis that Brandi M. Bell had suffered an unforeseen medical emergency that rendered her unconscious at the time of the accident. The Supreme Court, inter alia, denied that branch of the defendants’ motion.
The operator of a vehicle who becomes involved in an accident as the result of suffering a sudden medical emergency will not be chargeable with negligence as long as the emergency was unforeseen (see Doran v Wells, 101 AD3d 937 [2012]; Romero v Metropolitan Suburban Bus Auth., 25 AD3d 683 [2006]; State of New York v Susco, 245 AD2d 854 [1997]; Thomas v Hulslander, 233 AD2d 567 [1996]; Abish v Cetta, 155 AD2d 495 [1989]). Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, because they did not come forward with competent or expert medical evidence to establish the existence of the claimed medical emergency and its unforeseeable nature (see Sang Hyub Han v Onyan, 83 AD3d 1037 [2011]; Mowton v Rabiner, 40 AD3d 1058 [2007]; see generally Parisella v Jack Haverty’s Auto Paris, 296 AD2d 539 [2002]). Accordingly, that branch of the defendants’ motion which was for summary judgment dismissing the complaint on this basis was properly denied, without regard to the sufficiency of the plaintiffs’ submissions in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Sang Hyub Han v Onyan, 83 AD3d 1037 [2011]; Mowton v Rabiner, 40 AD3d 1058 [2007]).
Mastro, J.E, Lott, Sgroi and LaSalle, JJ., concur.