■ CHRISTOPHER L. PITT, Respondent, v ADAM MROZ et al., Appellants. [45 NYS3d 206]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated November 24, 2015, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The operator of a vehicle who becomes involved in an accident as the result of suffering a sudden medical emergency will not be chargeable with negligence as long as the emergency was unforeseen (*see Serpas v Bell*, 117 AD3d 712, 713 [2014]; *Doran v Wells*, 101 AD3d 937 [2012]; *Romero v Metropolitan Suburban Bus Auth.*, 25 AD3d 683, 684 [2006]; *State of New York v Susco*, 245 AD2d 854, 855 [1997]; *Thomas v Hulslander*, 233 AD2d 567, 568 [1996]; *Abish v Cetta*, 155 AD2d 495 [1989]). Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, because they did not come forward with competent or expert medical evidence to establish the existence of the claimed medical emergency and its unforeseeable nature (*see Serpas v Bell*, 117 AD3d at 713). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.