■ LORI L. MARTINEZ, Respondent, v BARBARA A. GRIMM et al., Appellants. [57 NYS3d 323]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 10, 2016. The order granted the motion of plaintiff for leave to reargue, vacated an order granting the motion of defendants for summary judgment, denied the motion of defendants for summary judgment, reinstated the complaint, and granted the cross motion of plaintiff for summary judgment on the issue of serious injury.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries and property damage sustained when a school bus owned by defendant First Student Inc., and operated by defendant Barbara A. Grimm, left the roadway and impacted a building owned and occupied by plaintiff. Subsequent medical tests concluded that Grimm experienced an episode of syncope, which caused her to suddenly lose consciousness, while operating the school bus. Although the school bus was not carrying any student passengers, a school bus aide was on board, and she was a witness to the accident and the events thereafter.

Defendants moved for summary judgment dismissing the complaint on the grounds that Grimm suffered an unforeseen medical emergency that caused her to lose consciousness and that she could not be charged with negligence as a result thereof (*see generally Dalchand v Missigman*, 288 AD2d 956, 956 [2001]). Plaintiff cross-moved for partial summary judgment on the issue that she sustained a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court

initially granted the motion but, upon granting plaintiff's motion for leave to reargue, denied the motion, reinstated the complaint, and granted the cross motion. Defendants appeal, as limited by their brief, from that part of the order denying their motion. We affirm.

We note at the outset that defendants do not challenge the court's determination to grant plaintiff's motion for leave to reargue (see generally CPLR 2221 [d]), and thus we are concerned only with the merits of the court's determination of defendants' summary judgment motion. In support of the motion, defendants submitted, inter alia, the affidavit of Grimm's primary care physician, who opined, based upon her treatment history and tests performed upon Grimm as a result of the accident, that Grimm's loss of consciousness was caused by a previously undiagnosed condition known as "neurocardiogenic syncope" and that the event was sudden and unforeseeable. We reject plaintiff's contention that the affidavit is not competent evidence because the physician did not specifically frame her opinions in terms of a "reasonable degree of medical certainty" (see Matott v Ward, 48 NY2d 455, 460, 463 [1979]). Defendants also submitted the deposition testimony of a bystander who immediately boarded the school bus after the impact in order to render assistance. In response to Grimm's inquiry "What happened?" after she regained consciousness, the bystander heard the school bus aide respond: "You must have had another seizure."

It is well settled that the operator of a vehicle who becomes involved in an accident as the result of suffering a sudden medical emergency will not be chargeable with negligence as long as the emergency was unforeseen (see Pitt v Mroz, 146 AD3d 913, 914 [2017]; Dalchand, 288 AD2d at 956). Here, although defendants submitted evidence establishing that Grimm experienced a medical emergency that caused her to suddenly lose consciousness while operating the school bus (cf. Hazelton v D.A. Lajeunesse Bldg. & Remodeling, Inc., 38 AD3d 1071, 1072 [2007]), we conclude that the deposition testimony of the bystander, also submitted by defendants, raised a triable issue of fact whether the medical emergency was unforeseen by Grimm (see generally Karl v Terbush, 63 AD3d 1359, 1360 [2009]). We reject defendants' contention that the bystander's testimony constitutes inadmissible hearsay. We instead further conclude that, because the school bus aide's statement was made under the stress of excitement caused by the accident, it constitutes an excited utterance admissible as an exception to the hearsay rule (see Langner v Primary Home Care Servs.,

*Inc.*, 83 AD3d 1007, 1009-1010 [2011]; *see generally Nucci v Proper*, 95 NY2d 597, 602 [2001]). Because defendants' submissions failed to eliminate all triable issues of fact with respect to the unforeseeability of the medical emergency, the court properly denied the motion regardless of the sufficiency of the opposing papers (*see generally Monroe Abstract & Tit. Corp. v Giallombardo*, 54 AD2d 1084, 1085 [1976]).

We have considered defendants' remaining contentions and conclude that they are without merit or rendered academic by our determination. Present—Carni, J.P., Lindley, Troutman and Scudder, JJ.