Ghaffar v Foster (2019 NY Slip Op 01569)





Ghaffar v Foster


2019 NY Slip Op 01569


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-04162
 (Index No. 705108/16)

[*1]Gabriella Ghaffar, respondent,
v
Scott R. Foster, appellant, et al., defendant.


Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for appellant.
Paul Ajlouny & Associates, P.C., Garden City, NY (Edward J. Nitkewicz and Justin S. Curtis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Scott R. Foster appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered February 6, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The defendant Scott R. Foster was operating his vehicle in the left westbound lane of Merrick Road when he crossed over the double yellow line and struck the defendant Kevin A. Knight's vehicle, which was traveling in the left eastbound lane of Merrick Road. The defendant Foster's vehicle then spun toward and made contact with the plaintiff's vehicle, which was traveling in the right eastbound lane of Merrick Road. The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries. Foster moved for summary judgment dismissing the complaint insofar as asserted against him, contending that he lost control of his vehicle because he suffered an unforeseen hypoglycemia-induced seizure. The Supreme Court denied the motion, and Foster appeals.
"The operator of a vehicle who becomes involved in an accident as the result of suffering a sudden medical emergency will not be chargeable with negligence as long as the emergency was unforeseen" (Serpas v Bell, 117 AD3d 712, 713; see Van De Merlen v Karpf, 147 AD3d 1008; Pitt v Mroz, 146 AD3d 913, 914). Here, Foster, who suffered from diabetes, failed to establish, prima facie, that he experienced an unforeseen medical emergency (see generally McGinn v New York City Tr. Auth., 240 AD2d 378, 379; Thomas v Hulslander, 233 AD2d 567, 568). Since Foster failed to meet his initial burden as the movant, the burden never shifted to the plaintiff to raise triable issues of fact.
Accordingly, we agree with the Supreme Court's denial of Foster's motion for summary judgment dismissing the complaint insofar as asserted against him.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court