Liddell v Morrison (2022 NY Slip Op 02786)

Liddell v Morrison

2022 NY Slip Op 02786

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-02916
 (Index No. 506398/18)

[*1]Nathaniel Liddell, respondent,
v
Rodrick E. Morrison, appellant.

Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Alexander Johnson of counsel), for appellant.
Georgaklis & Mallas PLLC, Brooklyn, NY (Anthony Mangona of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 24, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 20, 2017, a vehicle operated by the defendant struck the rear of a bus operated by the plaintiff while the bus was stopped at a red traffic signal. In March 2018, the plaintiff commenced this action to recover damages for personal injuries against the defendant. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order dated January 24, 2020, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The defendant appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Xin Fang Xia v Saft, 177 AD3d 823, 825 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]). "As such, it is settled that 'a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision'" (Pollet v Charyn, 200 AD3d 728, 730, quoting Drakh v Levin, 123 AD3d 1084, 1085). However, "[t]he operator of a vehicle who becomes involved in an accident as the result of suffering a sudden medical emergency will not be chargeable with negligence as long as the emergency was unforeseen" (Serpas v Bell, 117 AD3d 712, 713).
Here, the plaintiff averred in his affidavit that the bus he was operating was stopped at a red traffic signal when the bus was struck from behind by the defendant's vehicle. Thus, the plaintiff established, prima facie, that the defendant's negligence was a proximate cause of the accident (see Diamond v Comins, 194 AD3d 784, 785; Perez v Persad, 183 AD3d 771, 772). In opposition, the defendant failed to raise a triable issue of fact as to whether he suffered a sudden and [*2]unforeseeable medical emergency that constituted a nonnegligent explanation for the accident, since he did not present any competent or expert medical evidence regarding the existence of the claimed medical emergency and its unforeseeable nature (see Pitt v Mroz, 146 AD3d 913, 914; Serpas v Bell, 117 AD3d 712; Sang Hyub Han v Onyan, 83 AD3d 1037, 1038; Mowton v Rabiner, 40 AD3d 1058; Parisella v Jack Haverty's Auto Parts, 296 AD2d 539; Chiaia v Bostic, 279 AD2d 495, 496). Moreover, the defendant did not submit an affidavit describing his medical condition or explaining how such condition caused the accident.
Further, the defendant's contention that the plaintiff's motion was premature is without merit. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770; see CPLR 3212[f]). Here, the defendant's proffered need to conduct discovery did not warrant denial of the motion, since the defendant already had personal knowledge of the relevant facts, including those pertaining to his own medical condition (see Chen v City of New York, 194 AD3d 904, 905; Sapienza v Harrison, 191 AD3d 1028, 1031). Moreover, the defendant's mere hope or speculation that evidence may be uncovered during the discovery process was insufficient to deny the motion (see Pierre v Demoura, 148 AD3d 736, 737).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court