Wozniak v DeMunda (2022 NY Slip Op 02903)

Wozniak v DeMunda

2022 NY Slip Op 02903

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

165 CA 21-01095

[*1]JEFFREY WOZNIAK, PLAINTIFF-RESPONDENT,
v
RICHARD A. DEMUNDA AND NIAGARA APOTHECARY, INC., DEFENDANTS-APPELLANTS. 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANT-APPELLANT RICHARD A. DEMUNDA.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF COUNSEL), FOR DEFENDANT-APPELLANT NIAGARA APOTHECARY, INC. 
DOLCE FIRM, BUFFALO (AARON C. GORSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered April 19, 2021. The order, among other things, denied the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries he sustained when a vehicle owned and operated by defendant Richard A. Demunda, who was working as an employee of defendant Niagara Apothecary, Inc. (Niagara), left the roadway and struck several parked vehicles and pedestrians, including plaintiff. Defendants separately moved for summary judgment dismissing the complaint against them, contending, inter alia, that Demunda suffered an unforeseeable medical emergency that caused him to lose consciousness and that neither he nor Niagara could be charged with negligence as a result thereof (see generally Dalchand v Missigman, 288 AD2d 956, 956 [4th Dept 2001]). Plaintiff cross-moved for partial summary judgment on, inter alia, liability. Supreme Court denied the motions and cross motion. Defendants appeal and we now affirm.
It is well settled that "[a] driver 'who experiences a sudden medical emergency will not be chargeable with negligence provided that the medical emergency was unforeseen' " (id.; see Martinez v Grimm, 151 AD3d 1847, 1848 [4th Dept 2017]; see generally Fillette v Lundberg, 150 AD3d 1574, 1575 [3d Dept 2017]; Serpas v Bell, 117 AD3d 712, 713 [2d Dept 2014]; Rivera v New York City Tr. Auth., 54 AD3d 545, 549 [1st Dept 2008]). A defendant moving for summary judgment on the sudden medical emergency doctrine must "establish the existence of the claimed medical emergency and its unforeseeable nature" by "competent or expert medical evidence" (Pitt v Mroz, 146 AD3d 913, 914 [2d Dept 2017]; see Serpas, 117 AD3d at 713).
Here, even assuming, arguendo, that defendants met their initial burden of proof by establishing that Demunda suffered an unforeseeable medical emergency, we conclude that the court properly denied the motions inasmuch as plaintiff raised triable issues of fact (see Karl v Terbush, 63 AD3d 1359, 1360 [3d Dept 2009]; Thomas v Hulslander, 233 AD2d 567, 568 [3d Dept 1996]; cf. State of New York v Susco, 245 AD2d 854, 855-856 [3d Dept 1997]).
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court