Conrad v DeMunda (2022 NY Slip Op 02906)

Conrad v DeMunda

2022 NY Slip Op 02906

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

170 CA 21-00005

[*1]JAMES S. CONRAD, PLAINTIFF-APPELLANT-RESPONDENT,
v
RICHARD A. DEMUNDA AND NIAGARA APOTHECARY, INC., DEFENDANTS-RESPONDENTS-APPELLANTS, 

WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT RICHARD A. DEMUNDA.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT NIAGARA APOTHECARY, INC. 

 Appeal and cross appeals from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered December 17, 2020. The order granted in part and denied in part plaintiff's motion for partial summary judgment and denied the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries he sustained when a vehicle owned and operated by defendant Richard A. Demunda, who was working as an employee of defendant Niagara Apothecary, Inc. (Niagara), left the roadway and struck several parked vehicles and pedestrians, including plaintiff. Defendants separately moved for summary judgment dismissing the complaint against them, contending, inter alia, that Demunda suffered an unforeseeable medical emergency that caused him to lose consciousness and that neither he nor Niagara could be charged with negligence as a result thereof (see generally Dalchand v Missigman, 288 AD2d 956, 956 [4th Dept 2001]). Plaintiff moved for partial summary judgment "on the issue of liability (negligence and serious injury), and dismissing the affirmative defenses of sudden medical emergency/emergency doctrine, and comparative fault/culpable conduct." Supreme Court granted plaintiff's motion with respect to the issue of serious injury and the affirmative defense of comparative fault, but otherwise denied plaintiff's motion and denied defendants' motions on the ground that there are "triable issues of fact as to whether the affirmative defenses of sudden medical emergency and/or the emergency doctrine preclude[d] defendants' liability in causing the subject incident." Plaintiff appeals and defendants cross-appeal, and we now affirm.
It is well settled that "[a] driver 'who experiences a sudden medical emergency will not be chargeable with negligence provided that the medical emergency was unforeseen' " (id.; see Martinez v Grimm, 151 AD3d 1847, 1848 [4th Dept 2017]; see generally Fillette v Lundberg, 150 AD3d 1574, 1575 [3d Dept 2017]; Serpas v Bell, 117 AD3d 712, 713 [2d Dept 2014]; Rivera v New York City Tr. Auth., 54 AD3d 545, 549 [1st Dept 2008]). A defendant moving for summary judgment on the sudden medical emergency doctrine must "establish the existence of the claimed medical emergency and its unforeseeable nature" by "competent or expert medical evidence" (Pitt v Mroz, 146 AD3d 913, 914 [2d Dept 2017]; see Serpas, 117 AD3d at 713).
With respect to defendants' cross appeals, even assuming, arguendo, that defendants met their initial burden of proof by establishing that Demunda suffered an unforeseeable medical emergency, we conclude that the court properly denied defendants' motions inasmuch as plaintiff's submissions raised triable issues of fact (see Karl v Terbush, 63 AD3d 1359, 1360 [3d Dept 2009]; Thomas v Hulslander, 233 AD2d 567, 568 [3d Dept 1996]; cf. State of New York v Susco, 245 AD2d 854, 855-856 [3d Dept 1997]). For the same reason, we conclude with respect to plaintiff's appeal that the court properly denied his motion with respect to the affirmative defense of sudden medical emergency/emergency doctrine.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court