■ CHRISTIAN DIAZ et al., Respondents, v AJIBOLA SOPADE, Appellant, and MARY WHETSTONE, Respondent. [893 NYS2d 164]—

According to the appellant's deposition testimony, while in the course of his employment as a car service driver, a passenger armed with a metal rod demanded the appellant's money and then struck him in the head with the instrument, rendering him unconscious. The vehicle subsequently went out of

control, struck another vehicle operated by the defendant Mary Whetstone, and mounted a sidewalk, striking the infant plaintiff, who was on his bicycle at the time. The plaintiffs commenced the present action, alleging, inter alia, that the accident was proximately caused by negligence on the appellant's part. The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that the accident resulted from an unforeseeable criminal assault, which caused him to lose consciousness and rendered him unable to avoid colliding with the other vehicle and the infant plaintiff.

The appellant established his prima facie entitlement to judgment as a matter of law by demonstrating that the underlying accident was caused as a result of an onset of a sudden emergency (*see Hernandez v Ricci*, 15 AD3d 351 [2005]). In opposition, the plaintiffs submitted, inter alia, an affidavit sworn to by Sebastian Diaz, the father of the infant plaintiff, attesting that the appellant apologized and stated that he had "tried to speed up [his] car and hit the other car because [he] thought that would knock [his assailant] out." This was sufficient to raise a triable issue of fact as to whether negligence on the part of the appellant contributed to the occurrence (*see* CPLR 3212 [b]). Therefore, the Supreme Court properly denied the appellant's motion for summary judgment. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.