(February 11, 2015)

■ Patricia Ali Akber et al., Appellants, v Heikal Ali Akber, Respondent. [4 NYS3d 78]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), entered February 5, 2014, which denied their motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs were passengers in an automobile owned by the plaintiff Nassir Ali Akber, and operated by their son, the defendant, Heikal Ali Akber. While traveling to a family celebration, the defendant initially stopped at a red traffic light at a "T" intersection, but then proceeded through the steady red light, and struck a fence.

The plaintiffs commenced this action, inter alia, to recover damages for their alleged personal injuries. Following the completion of discovery, the plaintiffs moved for summary judgment on the issue of liability. The defendant opposed the plaintiffs' motion, and cross-moved for summary judgment dismissing the complaint, arguing that the accident arose as a result of a sudden and unforeseeable medical emergency that afflicted him while operating the car. The Supreme Court denied the plaintiffs' cross motion and granted the defendant's motion. The plaintiffs appeal.

In support of his cross motion, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the accident was caused as a result of the onset of a sudden, unforeseeable medical emergency (*see Diaz v Sopade*, 69 AD3d 558, 559 [2010]; *Hernandez v Ricci*, 15 AD3d 351 [2005]; *State of New York v Susco*, 245 AD2d 854 [1997]; *Abish v Cetta*, 155 AD2d 495 [1989]). In opposition, the plaintiffs failed to raise a triable issue of fact. In support of their own motion, the plaintiffs submitted the transcript of the defendant's deposition, in which he described that medical emergency. Consequently, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law.

Accordingly, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint and denied the plaintiffs' motion for summary judgment on the issue of liability.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.