■ MARIE MARCHETTI, as Executor of PETER MARCHETTI, Deceased, et al., Appellants, v AVIS RENT-A-CAR SYSTEM, INC., et al., Respondents. [672 NYS2d 368] —In consolidated actions, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated April 17, 1997, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly found that the defendants established their entitlement to judgment as a matter of law (see, CPLR 3212 [b]). The defendant Avis Rent-A-Car System, Inc., demonstrated that it did not own the vehicle that struck the plaintiffs' decedent and, therefore, there is no basis to hold it vicariously liable pursuant to Vehicle and Traffic Law § 388. The defendant Drive & Park, Inc., which admitted ownership of the vehicle, is similarly free from vicarious liability inasmuch as it established that the driver, who was subsequently charged with second degree murder in connection with this incident, intentionally ran down the plaintiffs' decedent. Vehicle and Traffic Law § 388 provides that an owner of a vehicle will be vicariously liable only for the negligence of permissive users, and Drive & Park, Inc., cannot be held liable for the unforeseeable intentional act of the driver (see, Olin v Moore, 178 AD2d 517).

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.