■ BRIAN A. BEDDINGFIELD et al., Respondents, v ANTHONY LABARBERA et al., Defendants, and FORD MOTOR CREDIT COMPANY, Appellant. [714 NYS2d 312] —In an action to recover damages for personal injuries, the defendant Ford Motor Credit Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 29, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondents, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On February 8, 1998, the defendant Anthony LaBarbera intentionally drove a vehicle owned by the appellant onto a sidewalk injuring several pedestrians, including the plaintiffs. LaBarbera was subsequently indicted for numerous crimes arising out of the incident. He pleaded guilty to one count of assault in the second degree, admitting that he intended to injure an individual who was standing on the sidewalk with the plaintiffs.

In this action, the plaintiffs seek to hold the appellant vicariously liable for LaBarbera's conduct pursuant to Vehicle and Traffic Law § 388. That statute, however, provides that an owner of a vehicle is vicariously liable only for the negligence of a permissive operator or user of the vehicle (*see, Marchetti v Avis Rent-A-Car Sys.,* 249 AD2d 518). Here, LaBarbera did not act negligently, but rather, he intentionally drove onto the sidewalk where the plaintiffs stood (*see, Jones v State of New York,* 96 AD2d 105, 110-111). The appellant cannot be held vicariously liable for that intentional act. Consequently, the Supreme Court erred in denying the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. O'Brien, J. P., Altman, Krausman and Schmidt, JJ., concur.