■ RAFAEL GOMEZ, Respondent, v DONALD SINGH et al., Appellants. [767 NYS2d 67] —Order, Supreme Court, New York County (Milton Tingling, J.), entered on or about May 21, 2003, which, in an action for personal injuries sustained when plaintiff was struck by a cab owned and operated by defendants, denied defendant operator's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs. Order, same court and Justice, entered May 22, 2003, which denied defendant cab owner's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Donald Singh dismissing the complaint as against him.

Following an argument in the street in front of a hospital over the amount of cab fare, defendant driver re-entered the cab, put it into reverse, looked in the direction of the two passengers and accelerated, mounting the sidewalk and striking the two passengers, and then plaintiff, a security officer at the hospital, and a fourth person. The driver was indicted on four counts of assault in the first degree, two counts of assault in the second degree and one count of reckless endangerment in the first degree in connection with the incident. He thereafter forfeited bail, and a bench warrant was issued for his arrest. Plaintiff commenced this action against the cab's driver and owner, claiming personal injuries caused by the cab's negligent operation. Defendants moved to dismiss on the ground that the conduct complained of was intentional, not negligent. Concerning the driver, the motion was properly denied since the complaint can be amended to include a cause of action for intentional tort (CPLR 203 [f]; 207, 213-b, 215 [8]). Concerning

the owner, the motion was improperly denied since no issue of fact exists as to whether the driver's acts were intentional. In addition to the deposition testimony of plaintiff, the two passengers and an eyewitness, there is also the driver's flight and an indictment that is inconsistent with an accident. A vehicle owner cannot be held vicariously liable for personal injuries caused by a permissive user's intentional acts (Vehicle and Traffic Law § 388 [1]; *see Beddingfield v LaBarbera*, 276 AD2d 575 [2000]; *Marchetti v Avis Rent-A-Car Sys.*, 249 AD2d 518 [1998]). Concur—Tom, J.P., Saxe, Rosenberger and Marlow, JJ.