■ MONA MADAFFERI et al., as Parents and Natural Guardians of ALANNA MADAFFERI, an Infant, Appellants, v ANDREW J. HERRING, Defendant, and PHILIP S. MYERS, Respondent. [962 NYS2d 558]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered November 18, 2011. The order, inter alia, denied those parts of the motion of plaintiffs for summary judgment on the issues of proximate cause, serious injury and ownership of the vehicle.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting those parts of the motion for summary judgment on the issues of serious injury and ownership of the vehicle, and as modified the order is affirmed without costs.

Memorandum: In this personal injury action arising from a one-vehicle accident in which the vehicle struck a tree, plaintiffs appeal from an order that, inter alia, denied those parts of their motion for summary judgment on the issues of proximate cause, serious injury, and defendant Philip S. Myers' ownership of the vehicle. Plaintiffs' daughter was a passenger in the vehicle, which was driven by defendant Andrew J. Herring and allegedly purchased by Herring from Myers. It is undisputed that, at the time of the accident, the license plates issued to Myers remained on the vehicle, with Myers' permission.

Plaintiffs met their burden with respect to the issue of serious injury by submitting the sworn report of a medical expert establishing that their daughter sustained sacral fractures as well as an L3 endplate fracture as a result of the accident, inasmuch as "[a] serious injury is defined in relevant part as a

fracture" (*Boorman v Bowhers*, 27 AD3d 1058, 1059 [2006]; *see* Insurance Law § 5102 [d]; *Hillman v Eick*, 8 AD3d 989, 991 [2004]). Herring did not oppose the motion, and Myers failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, we conclude that Supreme Court erred in denying that part of plaintiffs' motion, and we modify the order accordingly.

With respect to the issue of ownership, we note that, pursuant to Vehicle and Traffic Law § 420 (1), "[u]pon the transfer of ownership . . . of a motor vehicle . . . , its registration shall expire; and the seller . . . shall remove the number plates from the vehicle." Consequently, "[a] registered owner who transfers a vehicle without removing the license plates is estopped as against an injured third party from denying ownership" (*Dairylea Coop. v Rossal*, 64 NY2d 1, 10 [1984]; *see Phoenix Ins. Co. v Guthiel*, 2 NY2d 584, 587-588 [1957]; *Nelson v Alonge*, 286 App Div 921, 921 [1955]). Inasmuch as Myers admittedly left his license plates on the vehicle after purportedly transferring ownership to Herring, Myers is estopped from denying ownership of the vehicle as against plaintiffs. The court therefore erred in denying that part of plaintiffs' motion seeking summary judgment on the issue of Myers' ownership of the vehicle, and we further modify the order accordingly.

We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Fahey, Sconiers, Valentino and Whalen, JJ.