# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1052**
**CA 15-00118**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

DONNOVAN CRUTCHFIELD, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BRIAN JONES, POWER & CONSTRUCTION GROUP, INC.,
AND LIVINGSTON ASSOCIATES, INC.,
DEFENDANTS-RESPONDENTS.

PARISI & BELLAVIA, LLP, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF JOHN WALLACE, ROCHESTER (ALYSON CULLITON OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered October 3, 2014. The order, insofar as appealed from, denied that part of the cross motion of plaintiff seeking partial summary judgment on the issue of serious injury.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as the result of a motor vehicle accident, and he contends on appeal that Supreme Court erred in denying his cross motion for summary judgment determining that he sustained a serious injury within the meaning of Insurance Law § 5102 (d). We affirm.

Contrary to plaintiff's contention, the court properly denied his cross motion with respect to the three categories of serious injury alleged by plaintiff in support of the cross motion. We agree with plaintiff that he met his initial burden with respect to the fracture category by submitting the affirmation of his physician, who examined an X ray of plaintiff's neck and opined that plaintiff sustained an anterior compression fracture of his C6 vertebra (*see Madafferi v Herring*, 104 AD3d 1293, 1293-1294). Nevertheless, defendants raised a triable issue of fact concerning that category by submitting, inter alia, the affirmed report of their medical expert concluding that there was no evidence of such a fracture. It is well settled that " 'conflicting expert opinions may not be resolved on a motion for summary judgment' " (*Edwards v Devine*, 111 AD3d 1370, 1372; *see Lawrence v McClary*, 125 AD3d 1502, 1503). Even assuming, arguendo, that plaintiff met his initial burden with respect to the remaining

categories alleged by him in support of the cross motion, we conclude that defendants raised a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court