Sebrow v Joe & Mike Taxi, Inc. (2018 NY Slip Op 00386)





Sebrow v Joe & Mike Taxi, Inc.


2018 NY Slip Op 00386


Decided on January 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


5500 151818/15

[*1]Betty Sebrow, Plaintiff-Appellant,
v
Joe & Mike Taxi, Inc., Defendant-Respondent, Md N. Mia, etc., Defendant.


The Berkman Law Office LLC, Brooklyn (Brian Lance Gotlieb of counsel), for appellant.
Thomas Torto, New York (Jason Levine of counsel), for respondent.



Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered August 22, 2016, which granted defendant Joe & Mike Taxi, Inc.'s (J & M) motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
Plaintiff alleges that she hailed a taxicab owned by J & M and operated by codefendant Mohammed N. Mia, and that Mia made anti-Semitic remarks to her, threatened her safety, and misled police officers as to whether she had paid the fare.
J & M made a prima facie showing that Mia was not its employee, but rather was an independent contractor, and that it therefore could not be held liable for Mia's acts (see Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 380-381 [1995]). In particular, J & M showed that it leased the taxi to Mia, who received no salary, retained his own fares, and had the sole responsibility and control over the manner and means of providing taxi services (see Bynog v Cipriani Group, 1 NY3d 193, 198 [2003]; see also Marino v Vega, 12 AD3d 329, 330 [1st Dept 2004]; Irrutia v Terrero, 227 AD2d 380, 381 [2d Dept 1996]).
Plaintiff's speculation that discovery could lead to relevant evidence was insufficient to overcome J & M's prima facie showing (see Zuckerman v City of New York, 49 NY2d 557, 563-564 [1980]).
Plaintiff failed to preserve her contention that the daily taxi lease agreement submitted in support of J & M's motion expired by its terms before the incident.
There is no basis to hold J & M vicariously liable under Vehicle and Traffic Law § 388 for Mia's intentional actions (see Gomez v Singh, 309 AD2d 620, 621 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2018
CLERK