White v Mayfield (2018 NY Slip Op 03270)





White v Mayfield


2018 NY Slip Op 03270


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


490 CA 17-01746

[*1]ARIANA WHITE, PLAINTIFF-RESPONDENT-APPELLANT,
v
MAURICE MAYFIELD, JULIE ROBERTSON, DEFENDANTS, AND BUFFALO AUTO RENTAL, INC., DEFENDANT-APPELLANT-RESPONDENT. (APPEAL NO. 2.) 






LAW OFFICES OF KEVIN A. LANE, PLLC, BUFFALO (KEVIN A. LANE OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
BROWN CHIARI LLP, BUFFALO (ERIC M. SHELTON OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered June 23, 2017. The order, among other things, denied in part plaintiff's motion for partial summary judgment against defendant Buffalo Auto Rental, Inc. and denied the cross motion of defendant Buffalo Auto Rental, Inc. for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when a vehicle driven by defendant Maurice Mayfield, in which plaintiff was a passenger, collided with another vehicle. Shortly before the accident, Mayfield's mother, defendant Julie Robertson, obtained insurance coverage for the vehicle and executed a bill of sale indicating that she had purchased the vehicle from defendant Buffalo Auto Rental, Inc. (BAR). On the day of the accident, however, the vehicle was still registered to and insured by BAR, and BAR's license plates remained on the vehicle. In her complaint, plaintiff alleged that both Robertson and BAR were the owners of the vehicle and were liable for Mayfield's reckless and negligent operation of the vehicle.
BAR moved for summary judgment dismissing the complaint against it, contending that it was not the legal owner of the vehicle and was not estopped from denying ownership. In the order in appeal No. 1, Supreme Court, inter alia, denied that motion, and BAR appeals from that part of the order that denied its motion. Thereafter, plaintiff moved for summary judgment against BAR "on the issues of negligence and serious injury" and contended, inter alia, that BAR is estopped from denying ownership of the vehicle. BAR cross-moved for summary judgment dismissing the complaint against it on the grounds that Mayfield was not a permissive user of the vehicle, BAR could not be liable for Mayfield's intentional acts and plaintiff was precluded from recovering for her injuries due to her voluntary participation in illegal or wantonly reckless conduct. In the order in appeal No. 2, the court granted plaintiff's motion to the extent that it concluded that BAR was estopped from denying ownership of the vehicle. The court otherwise denied plaintiff's motion on the issues of negligence and serious injury, as well as BAR's cross motion. BAR appeals from that order, and plaintiff cross-appeals from only that part of the order that denied her motion for summary judgment on the issue of negligence. We now affirm.
Contrary to BAR's contention in both appeals, the court properly determined that BAR was estopped from denying ownership of the vehicle as a matter of law. Even assuming, arguendo, that it was the intention of BAR and Robertson that Robertson was to be the legal [*2]owner of the vehicle after she executed the bill of sale and took physical possession of the vehicle (see Godfrey v G.E. Capital Auto Lease, Inc., 89 AD3d 471, 477 [1st Dept 2011], lv dismissed 18 NY3d 951 [2012], lv denied 19 NY3d 816 [2012]), we conclude that the issue of legal ownership is not determinative. "Whether or not [BAR] was still the owner of the motor vehicle at the time of the accident need not be determined; [BAR], having left [its] registration plates on the motor vehicle, is estopped to deny [its] ownership" as against plaintiff (Nelson v Alonge, 286 App Div 921, 921 [4th Dept 1955]; see Dairylea Coop. v Rossal, 64 NY2d 1, 10 [1984]; Madafferi v Herring, 104 AD3d 1293, 1294 [4th Dept 2013]; cf. Godfrey, 89 AD3d at 477). Contrary to BAR's contention, the fact that Robertson had obtained insurance for the vehicle does not mandate a different result inasmuch as the public policy reasons for the estoppel doctrine are not limited to issues of insurance coverage (see Phoenix Ins. Co. v Guthiel, 2 NY2d 584, 587-588 [1957]; Switzer v Aldrich, 307 NY 56, 59 [1954]; see also Vehicle and Traffic Law §§ 420 [1]; 2113).
Plaintiff contends, in appeal No. 2, that the court erred in denying that part of her motion for summary judgment on the issue of negligence. We reject that contention. Plaintiff failed to establish as a matter of law that Mayfield was negligent in his operation of the vehicle. Although plaintiff submitted evidence that Mayfield was operating the vehicle in excess of 100 miles per hour at the time of the accident, plaintiff also submitted deposition testimony from Mayfield in which he stated that, at the time of the accident, another vehicle "was chasing" his vehicle; that the driver of that other vehicle was acting "aggressive[ly]"; and that Mayfield "felt like [he had to] get out of there." "[W]hen an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991], rearg denied 77 NY2d 990 [1991]). In our view, plaintiff's own evidence raises triable issues of fact whether Mayfield was faced with an emergency situation and, as a result, the burden never shifted to BAR to raise a triable issue of fact (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Relying on evidence that Mayfield may have been drag racing with a friend at the time of the accident, BAR contends in appeal No. 2 that it was entitled to summary judgment dismissing the complaint against it because "[a] vehicle owner cannot be held vicariously liable for personal injuries caused by a permissive user's intentional acts" (Gomez v Singh, 309 AD2d 620, 621 [1st Dept 2003]). We reject that contention as well. As noted above, there are triable issues of fact whether Mayfield was drag racing with another vehicle and, even assuming that he was, we conclude that "the term negligence' in [Vehicle and Traffic Law § ] 388 is sufficiently broad to include gross negligence and reckless acts" such as drag racing (Lynch-Fina v Paredes, 164 Misc 2d 963, 964 [Sup Ct, Queens County 1995]; see Keller v Kruger, 39 Misc 3d 720, 725 [Sup Ct, Kings County 2013]). This is not a situation in which the operator used the vehicle to strike another person (cf. Gomez, 309 AD2d at 620-621; Beddingfield v LaBarbera, 276 AD2d 575, 575 [2d Dept 2000]; Marchetti v Avis Rent-A-Car Sys., 249 AD2d 518, 518 [2d Dept 1998]).
BAR further contends in appeal No. 2 that it was entitled to summary judgment dismissing the complaint against it on the ground that plaintiff is precluded from recovering for her injuries because she encouraged or participated in "grossly reckless conduct that created a grave risk to the public" (Hathaway v Eastman, 122 AD3d 964, 966 [3d Dept 2014], lv denied 25 NY3d 904 [2015]; see generally Manning v Brown, 91 NY2d 116, 122 [1997]; Barker v Kallash, 63 NY2d 19, 25-26 [1984]). Contrary to BAR's contention, it failed to establish as a matter of law that plaintiff encouraged or participated in the alleged drag racing inasmuch as BAR submitted portions of plaintiff's deposition testimony in which she contended that she and the other passengers repeatedly asked Mayfield to slow down (cf. Hathaway, 122 AD3d at 966-967).
Finally, BAR contends in appeal No. 2 that, even if it is deemed an owner of the vehicle, it was entitled to summary judgment dismissing the complaint against it because Mayfield did not have BAR's permission to use the vehicle. That contention lacks merit. Where, as here, "the owner of a vehicle places it under the unrestricted control of a second person, the owner's consent to use of the vehicle may reasonably be found to extend to a third person whom the second person permits to drive it" (Bernard v Mumuni, 22 AD3d 186, 188 [1st Dept 2005], affd 6 NY3d 881 [2006]). BAR's own submissions established that it gave Robertson unrestricted [*3]control of the vehicle and that Mayfield operated the vehicle with Robertson's permission.
We thus conclude that the court properly determined that BAR was estopped from denying ownership of the vehicle and properly denied the remainder of plaintiff's motion in appeal No. 2, and denied BAR's
motion and cross motion in appeal Nos. 1 and 2.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court